Good morning. Our first case is number 20-1581, Argueta-Orellanav versus Attorney General. Mr. Helfer. Good morning. My name's Arlie Helfer. Oh, pardon me, the mask. May it please the court, my name is Arlie Helfer. My colleague Bruce Merenstein and I were appointed amici in this matter to address a question about whether the Board of Immigration Appeals had erred in summarily dismissing Mr. Argueta's appeal for failure to file an optional brief that his counsel had indicated he would file. I'd like to reserve two minutes for rebuttal. In this matter, Mr. Argueta-Orellanav is a Spanish speaker who required an interpreter during his immigration proceedings. He was represented by counsel throughout those proceedings. The immigration judge denied the relief that Mr. Argueta-Orellanav was seeking and he filed an appeal on the EOIR-26 form, the notice of appeal. So in that form, it was completed by his counsel. Counsel set forth the reasons for the appeal, attached an additional typewritten sheet elaborating further on the grounds for the appeal, and checked the box that said that he would submit an optional brief in the case. And three times he was advised of the consequences that might ensue if a brief wasn't filed and those consequences could include dismissal, correct? Well, Your Honor, I would agree that there were three times the documents issued that had that warning on them. The record is not clear that he actually received that notice because he was incarcerated. Wasn't he represented by counsel? At some point he was, but we know that he's not now. But when those were issued, I mean, he was represented. It's not clear that he was. That isn't clear in the record. So there were notices that were sent to his counsel. It's not clear that he had counsel at the time that the brief was due. It's not clear that the notice that was sent to his counsel that filed the notice of appeal is something that he received. So while it's clear that the forms themselves and the notices of the briefing schedule do contain those warnings, it appears that the record doesn't conclusively show that he actually received that notice. Further, the notice is in... I thought you were going to argue the circuit split and there are cases going your way. But you seem to be making a different argument now. No, listen. I mean, right under box 8, his lawyer checked box 8, right? That's correct. And right under box 8, there's a bolded warning.